UNITED STATES DISTRICT COURT                    JS-6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:11-cv-01515-JHN -OPx | Date | October 25, 2011 |
|---|---|---|---|
| Title | HSBC Bank USA National Association v. Amrit Singh et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Chris Silva | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [7] AND REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT**

On October 10, 2011, Plaintiff HSBC Bank USA National Association ("Plaintiff") filed a Motion to Remand this case to Riverside County Superior Court. (Docket no. 7.) Defendant Ambit Singh ("Defendant") did not file any opposition. The Court has read and considered the motion and deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing set for November 14, 2011, is removed from the Court's calendar.

Defendant was required to file an opposition under Local Rule 7-9. Failure to do so may be deemed consent to the granting of the motion. *See* Local Rule 7-12. The Court hereby deems Defendant's failure to file a written opposition as consent to the granting of the motion.

In addition, the Court has reviewed the merits of the Motion and finds removal of this case to be improper for the following reasons.[1]

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . .

---

[1] On July 19, 2011, Plaintiff filed a Complaint alleging unlawful detailed against Defendant in state court. On October 06, 2011, Defendant removed the case to federal court. (Docket No. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | 5:11-cv-01515-JHN -OPx | Date | October 25, 2011 |
|---|---|---|---|
| Title | HSBC Bank USA National Association v. Amrit Singh et al | | |

." 28 U.S.C. § 1441(a).  However, the Court may remand a case to state court for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction."  *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, although Defendant alleges in the Notice of Removal that the claims arise under federal law, Plaintiff's only cause of action is for unlawful detailed in violation of California Code of Civil Procedure § 1161a.  (Compl. 1.)  No federal question is presented on the face of the Complaint.  Therefore, no federal question jurisdiction exists.

Pursuant to 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  However, even if the parties are diverse, the Complaint specifically alleges that the damages do not exceed $10,000.  (Comal. 1.)  Therefore, no diversity jurisdiction exists.

Accordingly, Plaintiff's Motion to Remand (docket no. 7) is **GRANTED** and the case is hereby remanded to Riverside County Superior Court.

**IT IS SO ORDERED**.

| | : | N/A |
|---|---|---|
| Initials of Preparer | | CSI |